IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THOMAS A. CALDWELL,<br>    10 Curtiswood Dr.<br>    Sumter, SC 29150<br><br>        Plaintiff,<br><br>v.<br><br>THE HONORABLE<br>ALEJANDRO MAYORKAS<br>    Secretary of Homeland Security<br>    Department of Homeland Security<br>    2707 Martin Luther King Jr Ave SE<br>    Washington, DC 20528-0525,<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Thomas A. Caldwell (hereinafter "Plaintiff") brings this action against the Department of Homeland Security (hereinafter "DHS" or "Defendant") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff Caldwell filed a Freedom of Information Act request seeking certain documents relevant to his late-wife's employment by Defendant.

4. Defendant, DHS, is an agency within the meaning of 5 U.S.C. § 552(f) that is in possession and/or control of the records requested by Plaintiff that are the subject of this action.

## STATEMENT OF FACTS

5. Plaintiff's wife, Almarie Lavern Caldwell, committed suicide on or about December 6, 2022. Plaintiff and Mrs. Caldwell were married for 27 years prior to her passing.

6. In the months preceding her death, Mrs. Caldwell told Plaintiff (and several family members) that the toxic leadership and work climate within her workplace—DHS's Office of Biometric Identity Management ("OBIM")—was causing her to experience severe depression. Plaintiff is certain that Mrs. Caldwell's workplace environment was the primary cause of her suicide.

7. Mrs. Caldwell told Plaintiff that she was subjected to unrestrained verbal assaults, bullying, and harassment by two co-workers at her office. Upon information and belief, these co-workers had a history of toxic workplace behavior, but Mrs. Caldwell's office failed to take any steps to address their conduct.

8. She reported these incidents to her immediate supervisor; however, these reports were not properly documented, investigated, or adjudicated.

9. On November 17, 2022, Mrs. Caldwell told Plaintiff that the same two co-workers verbally attacked her during a virtual meeting. Immediately after the meeting, another co-worker who witnessed the incident called Mrs. Caldwell to check on her wellbeing and validate that their behavior was inappropriate.

10. After this incident, Mrs. Caldwell again reported the issues she was having with these co-workers to her supervisor. No action was taken. Rather, Mrs. Caldwell was advised to overlook the behavior of her co-workers. To make matters worse, Mrs. Caldwell's supervisor told her to allow these same co-workers to take credit for *her* work.

11. As a result of the agency's inaction Mrs. Caldwell lost trust and confidence in her leadership. The continued bullying and harassment caused Mrs. Caldwell to feel severely anxious, hopeless, isolated, and fearful of reprisal if she escalated the issue any further.

12. On December 6, 2022, Plaintiff received a phone call from Mrs. Caldwell's supervisor, stating that she had not reported to the office that day or on December 5, 2022.[1] Mrs. Caldwell's supervisor stated that she could not get ahold of Mrs. Caldwell and that the last time she spoke to Mrs. Caldwell was December 1, 2022, during a virtual team meeting. Mrs. Caldwell's supervisor told Plaintiff that Mrs. Caldwell appeared uncharacteristically quiet, disengaged, and withdrawn during the meeting.

13. Since his wife's passing, Plaintiff has sought to figure out what caused his wife's passing. As part of this effort, Plaintiff submitted a FOIA request to OBIM on August 3, 2023, requesting emails his wife received from and sent to six coworkers: Nefertari Farrell, Lisa McDonald, Michael Hughes, Youngah Kim, Joseph Burt-Miller, and Ken Grant.

14. On August 18, 2023, Plaintiff received an email from OBIM confirming receipt of the FOIA request and assigning the request the following reference number: 2023-OBFO-74048. This email incorrectly referred to Mrs. Caldwell as Plaintiff's "client" and stated DHS regulations required Mrs. Caldwell to verify her identity and certify that she agreed to allow Plaintiff access

---

[1] Plaintiff is also an active duty officer in the Army; he was on unaccompanied orders at this time, and therefore was not physically residing with Mrs. Caldwell at the time of her death.

to the records. The correspondence stated that, without such verification, DHS was unable to initiate a search for responsive records.

15. Plaintiff attempted to call OBIM's FOIA office regarding the response. The individual he spoke to refused to provide his name and directed him to email the main DHS FOIA officer.

16. On August 22, 2023, Plaintiff emailed the main office regarding the FOIA request. In this email, Plaintiff explained that the subject of his request was his wife, that he could not obtain authorization or verification because she passed away on December 6, 2022, and requested further guidance on how to proceed. No response was provided.

17. Plaintiff sent an identical email to OBIM's FOIA office on September 12, 2023. Once again, he did not receive a response.

18. As of the date of this complaint, DHS has failed to: (i) make any determination regarding Plaintiff's request; (ii) notify Plaintiff of such determination and the reasons therefor; or (iii) advise Plaintiff of the right to seek judicial review should the adverse determination be upheld.

## COUNT

**Violation of FOIA, 5 U.S.C. § 552**
**Unlawful Withholding of Non-Exempt Documents**

19. Plaintiff incorporates paragraphs 5 – 18 as if fully stated herein.

20. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DHS is required to make the determinations listed in ¶18 within 20 working days of receipt of the request.

21. Nearly four months later, Defendant has failed to make these determinations.

22. Defendant is unlawfully withholding records requested by Plaintiff in violation of 5 U.S.C. § 552(a)(3) by, *inter alia*, seeking to withhold information without making a reasonable

effort to make the records promptly available to Plaintiff and without providing any rational justification for failure to comply with the requirement.

23.    Because Defendant has failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records pursuant to Plaintiff's FOIA requests; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 22, 2023                            Respectfully submitted,

                                                            /s/ Carol A. Thompson
                                                            Carol A. Thompson
                                                           DC Bar No. 1658143
                                                           Federal Practice Group
                                                           1750 K Street, N.W., Suite 900
                                                           Washington, D.C. 20006
                                                           Telephone: 202-862-4360
                                                           cthompson@fedpractice.com

                                                           *Counsel for Plaintiff*